IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

In re:                                )
                                      )
TRENT D. GINTER                       )
                                      )  Case No.05-23707-7
            Debtor.                   )

## MEMORANDUM OPINION

This matter comes before the Court on the motion of Trent D. Ginter ("Debtor") to avoid a non-possessory, non-purchase money security interest. Alliant Bank-Boonville ("Alliant") argues that Debtor cannot now avoid its security interest because he previously stipulated to relief from the stay and should now be estopped from avoiding Alliant's security interest in the personal property at issue. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(B) & (K). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Debtor's motion to avoid non-possessory, non-purchase money security interest is overruled.

### I. FACTUAL BACKGROUND

On February 22, 2005, Debtor entered into a promissory note and security agreement with Alliant which granted Alliant a security interest in certain equipment which included three 2002 DR Kern Tanning beds and assorted mechanical tools then owned or thereafter acquired by Debtor[1]. On October 16, 2005, Debtor filed a bankruptcy petition under Chapter 7. Debtor's Schedules indicate the mechanic's tools had a value of $800. Alliant contends that the tools

---

[1] Defendant's Exs. 1 & 2.

have a value of $12,500$^2$ which is in excess of the $3,000 amount allowed for tools of the trade under Mo. Rev. Stat. § 513.430(4) and also in excess of the $800 value claimed as exempt by Debtor in Schedule C of his bankruptcy petition.  On December 13, 2005, Debtor entered into a Stipulated Motion for Relief From Automatic Stay ("Stipulation") with Alliant.  In the Stipulation, Debtor stipulated to the Court entering an order granting Alliant relief from the stay for the purpose of allowing Alliant to enforce its rights under the security agreement in accordance with applicable state law.  On December 14, 2005, the Court entered an Order approving the Stipulation.  The day after the Court entered the Order approving the Stipulation, Debtor filed a Motion to Avoid Non-Possessory, Non-Purchase Money Security Interest pursuant to 11 U.S.C. § 522(f)$^3$ requesting that the Court avoid Alliant's lien on the mechanic's tools because it impaired an exemption to which Debtor would be entitled under § 522(b) since they are his tools of the trade.

## II. DISCUSSION AND LEGAL ANALYSIS

### A. Estoppel

"[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee,* 156 U.S. 680, 689 (1895).  This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on

---

$^2$*See* Def.'s Ex. 1.

$^3$Section 522(f) provides: Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–...(B) implements, professional books, or tools of the trade of the debtor....

2

an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich,* 530 U.S. 211, 227, n. 8 (2000); see 18 Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding"); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981) (hereinafter Wright) ("absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory"). Courts have uniformly recognized that its purpose is "to protect the integrity of the judicial process," *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982), by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." *United States v. McCaskey,* 9 F.3d 368, 378 (5th Cir. 1993); *see In re Cassidy,* 892 F.2d 637, 641 (7th Cir. 1990) ("Judicial estoppel is a doctrine intended to prevent the perversion of the judicial process."); *Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1166 (4th Cir.1982) (judicial estoppel "protect [s] the essential integrity of the judicial process"); *Scarano v. Central R. Co.,* 203 F.2d 510, 513 (3rd Cir. 1953) (judicial estoppel prevents parties from "playing 'fast and loose with the courts' " (quoting *Stretch v. Watson,* 69 A.2d 596, 603 (N.J. Super Ct. Ch. Div. 1949))). Judicial estoppel "is an equitable doctrine invoked by a court at its discretion," *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (internal quotation marks and citation omitted). Courts have observed that "[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," *Allen,* 667 F.2d, at 1166; *accord*, *Lowery v. Stovall,* 92 F.3d 219, 223 (4th Cir. 1996); *Patriot Cinemas, Inc. v. General Cinema Corp.,* 834 F.2d 208, 212 (1st Cir. 1987). Nevertheless, several

factors typically inform the decision whether to apply the doctrine in a particular case. First, a party's later position must be "clearly inconsistent" with its earlier position. *United States v. Hook,* 195 F.3d 299, 306 (7th Cir. 1999); *In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999); *Hossaini v. Western Mo. Medical Center,* 140 F.3d 1140, 1143 (8th Cir. 1998); *Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 98 (2nd Cir. 1997). Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled," *Edwards,* 690 F.2d, at 599. Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations," *United States v. C.I.T. Constr. Inc.,* 944 F.2d 253, 259 (5th Cir. 1991), and thus poses little threat to judicial integrity. *See Hook,* 195 F.3d, at 306; *Maharaj,* 128 F.3d, at 98. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *See Davis,* 156 U.S. at 689; *Scarano,* 203 F.2d, at 513 (judicial estoppel forbids use of "intentional self-contradiction ... as a means of obtaining unfair advantage"); see also 18 Wright § 4477, p. 782. Judicial estoppel is

"a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position...." *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005)(citing *In re Coastal Plains*, 179 F.3d at 205). Because the doctrine is intended to protect the judicial system, *rather than the litigants,* detrimental reliance by the opponent of the party against whom the doctrine is asserted is not necessary. *Id.*

In this case, Debtor willingly entered into the stipulation for relief from the stay and

agreed that Alliant had a security interest in the tools and that it could enforce its rights in accordance with applicable state law. Debtor cannot now seek to avoid the very lien he previously agreed that Alliant may enforce. An order avoiding the lien and rendering Alliant unsecured would clearly be inconsistent with the prior order authorizing Alliant to exercise its lien rights. Further, Debtor's Statement of Intention indicated that he intended to surrender the tools to Alliant. By entering into the Stipulation, Debtor effectuated the Statement of Intention and satisfied his duty under § 521. Lastly, Alliant relied on Debtor's consent to the stipulation for relief from stay and its ability to pursue its state remedies in the mechanic's tools. If Debtor is now permitted to avoid the lien, Alliant will have wasted the time, effort and expense incurred in that effort. Accordingly, Debtor is estopped from avoiding Alliant's lien that was stipulated to in the Stipulation.

B.  Res Judicata

In addition, avoidance of the lien is barred by the doctrine of res judicata. The essential elements of res judicata are as follows: 1) an identity of parties or privies in the two suits; 2) an identity of the causes of action in both the prior and subsequent suits; and 3) a final judgment on the merits was entered in the prior action. *See In re Glenn*, 160 B.R. 837, 838 (Bankr. S.D. Cal. 1993). Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *See In re Walz*, 44 B.R. 973, 975 (Bankr. W.D. Wis. 1984) (citing *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n. 5 (1979)). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Brown v. Felsen*, 442 U.S. 127 (1979); *see also,*

*Ladd v. Ries (In re Ladd)*, 319 B.R. 599, 602 (B.A.P. 8th Cir. 2005) (res judicata applies to bankruptcy motions; bankruptcy motion is equivalent to civil lawsuit). Further, an order approving a settlement should be given res judicata effect as to those issues that were decided. *Glenn*, 160 B.R. at 878 (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)).

Applying these principles to this case, the Court holds that Debtor's motion to avoid the lien is barred by res judicata. The parties are the same as those that entered into the Stipulation and the cause of action is the same in that both the Stipulation and Debtor's motion seek a determination of Alliant's right to enforce its lien on the mechanic's tools. Further, the Court's order approving the Stipulation and granting relief from the stay was a final order. The Court determined that Alliant had a security interest in the mechanic's tools and could enforce its rights in accordance with state law. Debtor could have stated his intention to exempt the mechanic's tools and avoid the lien in the relief from stay proceeding. Thus, Debtor's motion is barred by res judicata. *See Glenn*, 160 B.R. at 838 (holding settlement between trustee and debtors operated as res judicata to bar debtors from bringing motion to avoid lien); *see also, Walz* 44 B.R. at 975 (finding debtor barred by res judicata from seeking to avoid lien after failing to raise exemption issue in relief from stay proceeding).

Based on the foregoing reasons, Debtor's motion to avoid non-possessory, non-purchase money security interest is DENIED.

A separate Order will be entered in accordance with Bankruptcy Rule 9021.

Dated:   March 13, 2006          /s/ Dennis R. Dow

THE HONORABLE DENNIS R. DOW

UNITED STATES BANKRUPTCY JUDGE

Copies to:

J. Brian Baehr

J. Michael Conway